**HARTER SECREST & EMERY LLP**
· *Counsel/Proposed Counsel to Debtors*
12 Fountain Plaza, Suite 400
Buffalo, New York 14202-2293
(716) 853-1616
Raymond L. Fink, Esq. / rfink@hselaw.com
John A. Mueller, Esq. / jmueller@hselaw.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| HEBREW HOSPITAL SENIOR HOUSING, INC. (A/K/A WESTCHESTER MEADOWS CONTINUING CARE RETIREMENT COMMUNITY AND FIELDSTONE AT WESTCHESTER MEADOWS), | CASE NO.: 15-13264-MEW (JOINT ADMINISTRATION PENDING) |
| DEBTOR. | |
| IN RE: | CHAPTER 11 |
| HHH CHOICES HEALTH PLAN, LLC, | CASE NO.: 15-11158-MEW |
| DEBTOR. | (JOINT ADMINISTRATION PENDING) |
| IN RE: | CHAPTER 11 |
| HEBREW HOSPITAL HOME OF WESTCHESTER, INC., | CASE NO: 16-10028-MEW |
| DEBTOR. | (JOINT ADMINISTRATION PENDING) |

**DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES, (II) AUTHORIZING A CONSOLIDATED MAILING MATRIX AND (III) GRANTING RELATED RELIEF**

Hebrew Hospital Senior Housing, Inc. ("HHSH")[1], HHH Choices Health Plan, LLC ("HHH Choices")[2] and Hebrew Hospital Home of Westchester, Inc. ("HHHW")[3], the above captioned debtors and debtors-in-possession (individually a "Debtor" and together, the "Debtors"), by their approved and proposed counsel, pursuant to Sections 105(a) of Title 11 of the United States Code ("Bankruptcy Code") and FED. R. BANKR. P. 1015, 6003 and 6004, submits this motion ("Motion") for entry of an order: (i) authorizing joint administration of the Debtors' Chapter 11 cases (as defined below, the "Cases"); (ii) authorizing a consolidated mailing matrix; and (iii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference each of the Declarations filed in the Cases pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Procedure for the Southern District of New York, and respectfully represents as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. This Court is the proper venue for this proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 327, 328 and 1107 of the Bankruptcy Code and FED. R. BANKR. P. 1015, 6003 and 6004.

---

[1] The last four digits of HHSH's employer identification number are 5534, and its mailing address is 55 Grasslands Road, Valhalla, New York 10595.
[2] The last four digits of HHH Choice's employer identification number are 7012, and its mailing address is 55 Grasslands Road, Valhalla, New York 10595.
[3] The last four digits of HHHW's employer identification number are 5703, and its mailing address is 55 Grasslands Road, Valhalla, New York 10595.

4776138_2

## II. BACKGROUND

### A. *HHH Choices*

5.     On May 4, 2015, a group of petitioning creditors commenced the HHH Choices Chapter 11 case by filing an involuntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"): (i) Royal Care, Inc.; (ii) Amazing Home Care Services, LLC; and (iii) InterGen Health LLC [HHH Choices – Docket No. 1].

6.     Per consent from the board of directors, the Debtor filed a Notice of Consent to Order for Relief on June 1, 2015 [HHH Choices – Docket No. 6], and an Order for Relief was subsequently entered on June 22, 2015 [HHH Choices – Docket No. 16]. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its properties as debtor-in-possession. No official committee of unsecured creditors has been appointed.

7.     HHH Choices is a New York registered limited liability company that was formed on or about August 1, 2006. Its sole member is HHCS, Inc., a New York registered not-for-profit corporation. HHH Choices was engaged in operating a managed long-term care program ("MLTCP"). MLTCPs are managed care systems designed to streamline the delivery of long-term health care services to chronically ill or disabled clients and who desire to remain in their homes or communities as opposed to residing in assisted or skilled nursing facilities. The New York State Department of Health ("DOH") and the New York State Department of Financial Services ("DFS") have regulatory jurisdiction over MLTCP's. The former controls, among many things, the licensure process and the latter monitors compliance with financial requirements.

3

**B. *HHSH***

8.  On December 9, 2015, HHSH commenced this Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Bankruptcy Court [HHSH – Docket No. 1].  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its properties as debtor-in-possession.

9.  An Official Committee of Unsecured Creditor was appointed on December 28, 2015 in the HHSH Chapter 11 Case. No request for the appointment of a trustee or an examiner has been made.

10.  HHSH was incorporated in New York State on October 2, 1997, pursuant to Section 402 of the Not-For Profit Corporation Law ("NFPCL"), as a Type B corporation.  HHSH does not have any shareholders.  It is a Board-directed corporation and one of several distinct legal entities within the larger Hebrew Hospital Home health system, which was initially founded in 1928 as a not-for-profit nursing home in the Tremont section of the Bronx.

11.  HHSH is engaged in the sponsorship and operation of a one hundred and twenty (120) unit continuing care retirement community ("CCRC") with ancillary components consisting of; a twenty (20) bed skilled nursing facility ("SNF"), which includes an adult day healthcare program ("ADHCP"), and a ten (10) bed enriched housing unit. These programs are commonly known as, *Westchester Meadows* and *Fieldstone.*  CCRCs are senior adult (65 years and above) programs that offer independent living apartments (various sizes and configurations), residential amenities and long-term care services to senior adults.  In addition to DOH, the DFS also has regulatory jurisdiction over CCRCs.

### C. *HHHW*

12. On January 8, 2016, HHHW commenced this Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Bankruptcy Court [HHHW – Docket No. 1]. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its assets as debtor-in-possession.

13. No request for the appointment of a trustee or an examiner has been made and no statutory committee has been appointed in this case.

14. HHHW was registered in New York State on February 17, 1993, as a not-for-profit corporation. HHHW's predecessor, Hebrew Hospital Home, Inc. owned and operated a 480-bed skilled nursing facility located in the Bronx ("Bronx SNF"). In 1998, HHHW opened a new 160-bed facility situated at 61 Grasslands Road, Valhalla, New York ("Westchester SNF"). HHHW sold the Bronx SNF in 2007 and the Westchester SNF in mid-2015.

15. HHHW does not have any active business operations. However, it still has responsibilities to wind-up its affairs, including finishing any remaining billing and processing, filing reports with regulatory agencies and closing its books and records. The true-up process and final reconciliation with the purchasers of the Westchester SNF is incomplete.

### III. REQUEST FOR JOINT ADMINISTRATION

16. The Debtors respectfully request at this time to have their Cases jointly administered without substantive consolidation, with the *In re Hebrew Hospital Senior Housing, Inc. (a/k/a Westchester Meadows Continuing Care Retirement Community and Fieldstone at Westchester Meadows)* Case being designated as the lead Case. The Debtors respectfully submit that joint administration will ease and expedite management of their Cases and eliminate considerable expenses arising because of multiple filings in each of the Cases.

17. Pursuant to FED. R. BANKR. P. 1015(b), "(i)f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are affiliated entities. This Court is therefore authorized to grant the requested relief. It would be far more practical and expedient for the administration of these Cases if the Court were to authorize their joint administration. Many of the motions, hearings and orders that will arise in the Cases could affect all of the Debtors. Without joint administration of these matters, the Debtors will be required to file pleadings in each of their Cases, and any interested parties will be required to do the same. Such duplication of efforts and expenses will continue if joint administration is not authorized. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, Cases.

18. Joint administration will also allow the Court and the Debtors to employ a single docket for all of the Cases and to confine, and thereby simplify, notices to creditors and other interested parties. Joint administration will also enable interested parties in each of the Cases to stay apprised of all matters before the Court. Finally, joint administration will ease the burden on the United States Trustee in supervising these Cases.

19. Joint administration of the Cases will not adversely affect the rights of the Debtors' respective creditors because this Motion requests only administrative, not substantive, consolidation of the estates. Per the relief requested herein, all of the Debtors' creditors will benefit from the reduced costs to the estate, and to themselves, because of the requested joint administration. The Court will also be relieved of the burden of entering duplicate orders and maintaining duplicate files. Finally, supervision of the administrative aspects of the Cases by the United States Trustee will be simplified.

6

4776138_2

20. Based on the foregoing, the joint administration of the Cases is in the best interests of the Debtors, their creditors, and all other interested parties. Accordingly, the Debtors respectfully request entry of an order directing that, with the exception of Schedules, Statements of Financial Affairs, and matters relating exclusively to a single Debtor, all future pleadings and orders, whether captioned in one or more of the Cases, be filed and docketed exclusively under the docket number of *In re Hebrew Hospital Senior Housing, Inc. (a/k/a Westchester Meadows Continuing Care Retirement Community and Fieldstone at Westchester Meadows)*, Case No. 15-13264-MEW as the lead case.

21. The Debtors also request that the caption of the lead case be modified to reflect the joint administration of such cases, as follows:

| | |
|---|---|
| IN RE: | |
| IN RE HEBREW HOSPITAL SENIOR HOUSING, INC. (A/K/A WESTCHESTER MEADOWS CONTINUING CARE RETIREMENT COMMUNITY AND FIELDSTONE AT WESTCHESTER MEADOWS), *et al.* | CHAPTER 11<br><br>CASE NO.: 15-13264-MEW<br><br>(JOINTLY ADMINISTERED) |
| DEBTOR. | |

22. The Debtors also request that a docket entry be made in each of the Cases as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of IN RE HEBREW HOSPITAL SENIOR HOUSING, INC. (A/K/A WESTCHESTER MEADOWS CONTINUING CARE RETIREMENT COMMUNITY AND FIELDSTONE AT WESTCHESTER MEADOWS), Case No. 15-13264-MEW, *In re HHH Choices Health Plan, LLC,* Case No. 11-11158-mew and *In re Hebrew Hospital Homes of Westchester, Inc.*, Case No. 16-10028-MEW. The case docket in Case No. 15-13264-MEW (Hebrew Hospital Senior Housing, Inc.) should be consulted for all matters affecting the above listed cases.

### IV. REQUEST FOR CONSOLIDATED MAILING MATRICES

23. As the Cases each have separate but overlapping mailing matrixes, the Debtors request that all future notices to the creditors or other interested parties in the Cases be directed to be made from one consolidated mailing matrix, so as to avoid duplicate mailings and related costs.

### V. NOTICE

24. Notice of this Application has been sent to the United States Trustee for the Southern District of New York. In light of the procedural nature of the relief requested, the Debtors respectfully submit that no further notice is required.

25. No prior request for the relief requested herein has been made to this or any other Court.

### VI. CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order of this Court, in substantially the form being filed herewith as **Exhibit A** and granting to the Debtors such other and further relief as this Court deems just and proper.

Dated:  January 8, 2016           **HARTER SECREST & EMERY LLP**
        Buffalo, New York

                                   */s/ John Mueller*
                                  Raymond L. Fink, Esq.
                                  John A. Mueller, Esq.
                                  · *Counsel/Proposed Counsel to Debtors*
                                  12 Fountain Plaza, Suite 400
                                  Buffalo, New York  14202-2293
                                  (716) 853-1616
                                  rfink@hselaw.com
                                  jmueller@hselaw.com

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| HEBREW HOSPITAL SENIOR HOUSING, INC. (A/K/A WESTCHESTER MEADOWS CONTINUING CARE RETIREMENT COMMUNITY AND FIELDSTONE AT WESTCHESTER MEADOWS), | CASE NO.: 15-13264-MEW (JOINT ADMINISTRATION PENDING) |
| DEBTOR. | |
| IN RE: | CHAPTER 11 |
| HHH CHOICES HEALTH PLAN, LLC, | CASE NO.: 15-11158-MEW (JOINT ADMINISTRATION PENDING) |
| DEBTOR. | |
| IN RE: | CHAPTER 11 |
| HEBREW HOSPITAL HOME OF WESTCHESTER, INC., | CASE NO: 16-10028-MEW (JOINT ADMINISTRATION PENDING) |
| DEBTOR. | |

**ORDER (I) AUTHORIZING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES, (II) AUTHORIZING A CONSOLIDATED MAILING MATRIX; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the Motion[1] of the above-captioned Debtors for an Order: (i) directing the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only; (ii) authorizing a consolidated mailing matrix; and (iii) granting related relief; and upon the Declarations filed in the Cases pursuant to Local Rule 1007-2; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the

---
[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

1

Motion is in the best interests of the Debtors, their estates, their creditors and other interested parties; and after due deliberation thereon; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth in this Order.

2. Each of the above-captioned Cases of the Debtors be, and hereby are, consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the Cases

4. The caption of the jointly administered Cases shall read as follows:

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| IN RE HEBREW HOSPITAL SENIOR HOUSING, INC. (A/K/A WESTCHESTER MEADOWS CONTINUING CARE RETIREMENT COMMUNITY AND FIELDSTONE AT WESTCHESTER MEADOWS), *et al.* | CASE NO.: 15-13264-MEW |
| | (JOINT ADMINISTERED) |
| DEBTOR. | |

5. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the Case of *In re Hebrew Hospital Senior Housing, Inc. (a/k/a Westchester Meadows Continuing Care Retirement Community and Fieldstone at Westchester Meadows)*, Case No. 15-13264-MEW as the lead case.

6. A docket entry shall be made in each of the Cases substantially similar to the following:

2

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of IN RE HEBREW HOSPITAL SENIOR HOUSING, INC. (A/K/A WESTCHESTER MEADOWS CONTINUING CARE RETIREMENT COMMUNITY AND FIELDSTONE AT WESTCHESTER MEADOWS), Case No. 15-13264-MEW, *In re HHH Choices Health Plan, LLC,* Case No. 11-11158-mew and *In re Hebrew Hospital Homes of Westchester, Inc.*, Case No. 16-10028-MEW. The case docket in Case No. 15-13264-MEW (Hebrew Hospital Senior Housing, Inc.) should be consulted for all matters affecting the above listed cases.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
       New York, New York

                                           _____
                                           HONORABLE MICHAEL E. WILES
                                           U.S. BANKRUPTCY JUDGE

3